STATE EX REL. PAUL J. WENTWORTH v. EDWARD W. FAHEY AND ANOTHER.[1]

May 19, 1922.

No. 22,876.

**Chiropractor cannot give statutory certificate of death.**
 A chiropractor cannot give the medical certificate of death required by G. S. 1913, § 4652, and amendments.

Upon the relation of Paul J. Wentworth the district court for St. Louis county granted its alternative writ of mandamus directed to Edward W. Fahey, registrar of vital statistics for the city of Duluth, and A. J. Chesley, state registrar of vital statistics, to compel them to file a certificate of death. Respondents' demurrer to the petition and writ was sustained, Magney, J. From the order sustaining the demurrer, Paul J. Wentworth appealed. Affirmed.

*John Jenswold, John D. Jenswold* and *C. A. Dahle,* for appellant.

*Denegre, McDermott, Stearns & Weeks,* filed a brief in behalf of osteopathic physicians licensed to practice.

*Clifford L. Hilton,* Attorney General, *Rollin L. Smith, Conrad H. Christopherson, John B. Richards* and *Bert W. Forbes,* for respondents.

DIBELL, J.
Mandamus to compel the registrar of vital statistics of Duluth and the state registrar of vital statistics to file a certificate of death. The respondents demurred to the alternative writ. From an order sustaining the demurrer the relator appeals.

[1]Reported in 188 N. W. 260.

The statute requires in case of death "a medical certificate subscribed by the attending physician." G. S. 1913, § 4652, Laws 1917, p. 332, c. 220, Laws 1921, p. 319, c. 273. The certificate must give the disease or injury, the contributing cause or complication, duration of illness, and other particulars. The relator is a chiropractor as defined by Laws 1919, p. 57, c. 64. A patient whom he was attending died. He tendered a death certificate in proper form. The respondents refused to receive it because he was a chiropractor. The question is whether a chiropractor is an attending physician within the meaning of the statute cited.

By Laws 1919, p. 57, c. 64, § 2, chiropractic is defined as "the science of adjusting any abnormal articulations of the human body, especially those of the spinal column, for the purpose of giving freedom of action to impinged nerves that may cause pain or deranged function." Prior to this chiropractic did not have statutory recognition. Sections 5 and 6 provide for the examination and licensing of chiropractors. Preliminary educational qualifications are required and a course of study is prescribed. By section 8 they are subject to the same rules and regulations that govern other licensed doctors or physicians in the control of contagious and infectious diseases and are entitled to the rights and privileges of other doctors and physicians in matters pertaining to the public health, but they may not prescribe internal drugs nor practice surgery or obstetrics; and their practice is declared not to be the practice of medicine, surgery or osteopathy.

The certificate required is a "medical" certificate. For many years this has been understood as the certificate of a medical man of general scientific attainments in the profession of medicine. See Goss v. Goss, 102 Minn. 346, 113 N. W. 690. The chiropractor can practice only in a limited field. His diagnosis or practice cannot cover the general field of medicine or surgery. One purpose of the statute, though not the only one, is the preservation of vital statistics. It could not well be claimed that a chiropractor was intended by the statute as one qualified to furnish the medical certificate were it not for the provisions of section 8. That section is borrowed from another statute and is so uncertain of meaning that we cannot hold

that it was intended to qualify a chiropractor to give the certificate. On the other hand it can be urged with some force that the statute recognizing chiropractic and licensing chiropractors intends that when they are attending physicians they may give death certificates. See In re Bandel, 193 N. Y. 133, 85 N. E. 1067, 21 L. R. A. (N. S.) 49; People v. Siman, 278 Ill. 256, 115 N. E. 817; Opinion to the Governor, 42 R. I. 249, 107 Atl. 102.

Our view is otherwise and we hold that a chiropractor cannot give the required medical certificate. This is the majority view. Justice Holt and the writer prefer a holding that a chiropractor may give the medical certificate of a death of a patient upon whom he is in proper attendance at the time of death.

Order affirmed.