ERDMAN *v.* GREAT NORTHERN LIFE INSURANCE CO.

1. INSURANCE—NOTICE—WAIVER.

Where, in furnishing blanks for proof of claim, insurer stated it reserved all legal defenses, it did not thereby, or later by receiving proof of claim, waive legal defense that insured had not complied with terms of policy, of which it had no notice.

2. SAME—UNAMBIGUOUS POLICY MAY NOT BE EXTENDED BY CONSTRUCTION.

Policy requiring insured to be under care of licensed physician or surgeon, being plain and unambiguous, may not be extended by construction to include treatment by chiropractor as within terms of policy.

3. PHYSICIANS AND SURGEONS—CHIROPRACTORS.

Chiropractor is not licensed physician or surgeon, nor is he entitled to use title of "doctor" (2 Comp. Laws 1929, §§ 6739, 6792), although he may practice medicine.

4. SAME—CONSTITUTIONAL LAW—DISCRIMINATION.

That 2 Comp. Laws 1929, § 6739, provides for examinations in certain subjects for chiropractors and in wider range of subjects for doctors, physicians, and surgeons is not discrimination; persons in respective classes being treated alike.

Case-made from Mecosta; Pugsley (Earl C.), J. Submitted January 22, 1931. (Docket No. 91, Calendar No. 35,434.) Decided February 27, 1931.

Assumpsit by William W. Erdman against the Great Northern Life Insurance Company, a Wisconsin corporation, to recover disability indemnity under a life and health insurance policy. Judgment on verdict directed for defendant. Plaintiff brings case-made. Affirmed.

*Fred R. Everett,* for plaintiff.

Application of statutes regulating practice of medicine by treatment known as chiropractic, see annotation in 33 L. R. A. (N. S.) 179; L. R. A. 1917C, 823; 37 A, L, R. 681,

*John J. Temple* and *Worcester & Worcester,* for defendant.

BUTZEL, C. J.  Plaintiff, William W. Erdman, took out a life and health insurance policy with the Great Northern Life Insurance Company, a Wisconsin corporation, defendant herein.  It provided for an indemnity of $250 a month for the period during which insured was totally disabled by reason of bodily disease, subject, however, to certain printed conditions.  Clause (b) of the policy affects the issue in this case and is as follows:

"(b) The health insurance under this policy shall not cover disease contracted, nor sickness nor disability sustained, in any part of the world except that part of the United States and Canada in North America, lying between the tropic of cancer and the fifty-fifth degree of north latitude; nor shall it cover disability from disease contracted while engaged in military or naval service; nor shall it cover disability for any period during which the insured is not under the professional care and regular attendance of a licensed physician or surgeon other than the insured; nor shall it cover disability unless the cause of the disease be contracted and the disability begins while the insurance against disability by disease is in force."

Plaintiff is a chiropractor at Big Rapids, Michigan, and practices a system of treatment of human ailments or diseases without the use of drugs or medicines.  He claims that during the fall and early winter of 1929 he became afflicted with a general nervous breakdown.  He thereupon consulted Clyde I. Green, another chiropractor, who advised him that he needed a complete rest and change. Thereupon plaintiff went to Texas and remained

there until the first day of February, 1930. Upon his return, he continued to practice his profession. While he was away, he neither consulted Green nor any one else for his ailments. During this period Green became seriously sick and was confined to a hospital for many weeks.

Plaintiff filed a claim against defendant under the policy for the period during which he was in the south. Defendant claims that clause (b) precludes plaintiff's recovery because during the period for which disability is claimed plaintiff was not under the professional care and regular attendance of a licensed physician or surgeon or anyone, and that a chiropractor is not a licensed physician or surgeon as provided for by the policy. Plaintiff insists that his ailment was such as not to require medical services during the time he was away. He further claims that a treatment by a chiropractor complies with the intent and meaning of clause (b). The trial court, upon the conclusion of plaintiff's testimony, directed a judgment in favor of defendant.

Plaintiff asserts that the furnishing of blanks for proof of claim and their receipt by defendant after having been filled in by plaintiff constitute a waiver of the defenses claimed. Defendant, in furnishing the blanks, specifically stated that it reserved all legal defenses. There is no showing whatsoever that it knew that plaintiff had not complied with the terms of the policy. On the contrary, the plaintiff's proof of claim is misleading in describing the chiropractor, who attended plaintiff, as a doctor, a title to which he has no legal right.

It is further claimed that as a policy must be construed most strongly against the insurer who wrote it, a fair interpretation of clause (b) includes treat-

ment by a chiropractor. The plain meaning of the words does not permit this construction.

The law (sub-section 3 of section 6726, 2 Comp. Laws 1915 [2 Comp. Laws 1929, § 6739]) under which both plaintiff and Green were licensed to practice chiropractic, states as follows:

"A practitioner under this subdivision shall not be permitted to use in any form the title of 'doctor' or 'professor' or any of their abbreviations, or any other sign or appellation to his or her name which would in any way designate him or her as a physician or surgeon qualified under the provisions of section three, subdivisions one and two of this act, or in violation of the provisions of this act."

While the meaning of this section is unambiguous and plain, the legislature subsequently in a different act again referred to it, and in section 12, Act No. 407, Pub. Acts 1927 (2 Comp. Laws 1929, § 6792), provided as follows:

"Interpretation of terms used in this act: Wherever in this act the terms 'physicians' and 'surgeons' appear, they shall be interpreted as meaning such persons as are licensed to full and unlimited privileges to practice medicine and surgery as provided for in act number two hundred thirty-seven of the public acts of eighteen hundred ninety-nine, and acts amendatory thereto, and shall not refer to persons licensed to practice a system of treatment of human ailments or diseases as provided for in section three, subdivision three, act number two hundred thirty-seven, of the public acts of eighteen hundred ninety-nine, or acts amendatory thereto."

If there were any doubts in regard to the plain meaning of the terms "licensed physician or surgeon," they are dispelled by these statutory provisions.

A chiropractor may practice medicine. *Locke v. Ionia Circuit Judge,* 184 Mich. 535; *Janssen v. Mulder,* 232 Mich. 183; *People v. Lewis,* 233 Mich. 240 (42 A. L. R. 1337). In so doing, however, he does not become a licensed doctor, physician, or surgeon. 2 Comp. Laws 1929, § 6739, provides for examinations in certain subjects for those who wish to become chiropractors and in a wider range of subjects for those desiring to become doctors, physicians, or surgeons. Persons in the respective classes are treated the same as others in the same class. There is no discrimination.

Other errors claimed are raised for the first time in this court or have been answered in the discussion of the case or have no merit. The trial judge came to the correct conclusion. The judgment in favor of defendant is affirmed, with costs.

WIEST, CLARK, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.