CORSTEN, Respondent, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Appellants.

*January 14—February 9, 1932.*

The cause was submitted for the appellants on the brief of the *Attorney General* and *Mortimer Levitan,* assistant attorney general, for the Industrial Commission, and *T. C. Dwyer* of Green Bay for the city of Green Bay, and for the respondent on that of *Kittell, Jaseph, Young & Everson* of Green Bay.

FOWLER, J.  The only point involved is whether the charge of a registered chiropractor for treatment of an employee

entitled to compensation under the workmen's compensation act is allowable as an item of his compensation. The commission held that it is not and disallowed the item. The circuit court reversed the commission's order and directed its allowance.

Under the governing statute, sec. 102.09, Stats. 1927, the expense of treatment recoverable is limited to "medical, surgical and hospital treatment . . . or, at the option of the employee, . . . (under certain circumstances) Christian Science treatment in lieu of medical treatment."

The learned circuit judge based his reversal upon the idea that chiropractors give medical treatment as that term is defined in ch. 147 of the Statutes, which is headed "Treating the Sick" and governs the practice of medicine and surgery. While it is true that according to that chapter chiropractors do treat the sick and that their treatment is "medical treatment," it does not necessarily follow from this that it is such medical treatment as the workmen's compensation act contemplates. The legislature might give such meaning under the act to the term "medical treatment" as it saw fit, whether it corresponded with the definitions of ch. 147 or not. Doubtless we should hold that under the act the term has the same meaning as in ch. 147 unless the act indicates clearly that it uses the term with a different meaning. But we are of opinion that under the act the only medical treatment contemplated is medical treatment administered by a physician; and we are also of opinion that a chiropractor is not a physician as that term is used in the act and in ch. 147.

Manifestly the statute does not consider Christian Science treatment as medical treatment although it constitutes treatment of the sick and treatment of disease. Such treatment is "in lieu of medical treatment;" therefore it is not medical treatment. The same is true, under the act, of chiropractic

treatment. From the act it appears very clearly that the act contemplates that only physicians may give the medical or surgical treatment for which compensation is allowable. By the terms of the act the employee must choose his "attending physician" from the "panel of physicians named by the employer" in the first instance. Failure to maintain a reasonable number of "competent and impartial physicians" and to permit the employee to choose "his attendant (physician) from among them" is a neglect and refusal to furnish medical and surgical "attendance and treatment." The commission may on hearing permit an employee to select a "physician" not on the employer's panel. In determining the "reasonableness and size of the medical panel" of the employer, the commission must take into consideration the number "of competent physicians immediately available." All this indicates that it is only physicians for whose attendance the employee may be compensated. ·

Under ch. 147 a chiropractor is not a physician, even though he does treat the sick and treat diseases and diagnose. Under that chapter physicians are licensed to practice medicine (sec. 147.17), while chiropractors receive a "certificate of registration in the basic sciences and a license to practice chiropractic." Sec. 147.23. But "no certificate of registration shall be considered equivalent to a license" (to practice medicine). Sec. 147.17. And "no person not possessing a license to practice medicine and surgery, osteopathy, or osteopathy and surgery, under sec. 147.17, shall use or assume the title 'doctor' or append to his name the words or letters 'doctor,' 'Dr.,' 'specialist,' 'M. D.,' or 'D. O.' " Sec. 147.14 (3). Thus these names and letters may be applied only to those who are licensed as physicians to practice medicine and surgery, and conversely those to whom the names and letters may not be applied are not physicians. It is held in *Isaacson v. Wisconsin Casualty Asso.* 187 Wis. 25, 203

N. W. 918, that a chiropractor is not a "legally qualified physician" under the terms of an accident insurance policy, even though he does treat the sick in a restricted way. The conclusion seems to be based upon the fact that under the statute as it then stood chiropractors might "practice their profession" without procuring a license, and the term "legally qualified physician" in the policy meant a "licensed physician," but it seems plain that it might as and perhaps more reasonably have been held that a chiropractor was not a physician at all. The definition of physician first given in Bouvier's Law Dictionary (2 Rawle's 3d ed. 2586) is: "A person who has received the degree of doctor of medicine." One of the definitions in Webster's Dictionary is "a doctor of medicine." In line with these definitions and ch. 147, we are of opinion that the word "physician" as used in the compensation act does not include a chiropractor.

The appellants contend that the 1931 legislature by passing Bill 497 A., which had it not been vetoed by the governor would have expressly put chiropractors on the same footing as practitioners of Christian Science healing under the workmen's compensation act, indicates a legislative understanding or intent that chiropractors are not to be considered as physicians under that act. The suggestion is not without force, although standing alone it might not be controlling. As above stated, Christian Science treatment under the act is not "medical treatment" but "in lieu" of it, and chiropractic, if on the same basis, would not be "medical treatment" within the meaning of the act.

*By the Court.*—The judgment of the circuit court is reversed, with directions to confirm the award of the Industrial Commission.