GREEN v. RAWLINGS.

1. PHYSICIANS AND SURGEONS—CHIROPRACTORS.

While a chiropractor is not permitted to use the terms ''doctor,'' ''physician,'' or ''surgeon,'' he may engage in the ''practice of medicine.''

2. SAME—DEFINITION OF CHIROPRACTIC.

Chiropractic is defined as the location of misaligned or displaced vertebrae of the human spine, the procedure preparatory to and the adjustment by hand of such misaligned or displaced vertebrae and surrounding bones or tissues (Act No. 145, § 6, Pub. Acts 1933).

3. WORKMEN'S COMPENSATION—CHIROPRACTIC MANIPULATION.

Since chiropractic manipulation is considered within the legislative meaning of ''practice of medicine,'' it is also within the meaning of ''medical services'' for which an employer may be required to pay by the workmen's compensation act (2 Comp. Laws 1929, § 8420; Act No. 145, § 6, Pub. Acts 1933).

4. SAME—NECK INJURY—CHIROPRACTIC MANIPULATION.

Chiropractor held, entitled to remuneration for services performed in effecting full recovery of ''subluxation of sixth cervical which affected nerves leading to muscles in shoulder'' where employee thus injured was directed to such chiropractor by the employer with order to render such service as was necessary to care for the injury and setting forth that liability for treatment was to be governed by the workmen's compensation act, since the injury was one within the limited medical field in which plaintiff, as chiropractor, was authorized to engage (2 Comp. Laws 1929, § 8420, Act No. 145, § 6, Pub. Acts 1933).

Appeal from Department of Labor and Industry. Submitted June 13, 1939. (Docket No. 69, Calendar No. 40,488.) Decided September 6, 1939.

Henry Kerns presented his claim for compensation against Walter Rawlings, employer, and State Accident Fund, insurer, for injuries sustained while in defendant's employ, and it was granted. Petition by N. M. Green, chiropractor, to fix fees for professional services in care of Henry Kerns. Award to petitioner Green. Defendants review by appeal in the nature of certiorari. Affirmed.

*Robert S. McAllister*, for plaintiff.

*Harry F. Briggs* and *Roy Andrus*, for defendants.

BUTZEL, C. J.     Henry Kerns suffered a compensable injury while in the employ of defendant Walter Rawlings. Rawlings directed him to N. M. Green, a licensed chiropractor, and gave him the following order:

"Kindly render such service as may be necessary to care for the injury sustained by Henry Kerns while in my employ on August 5, 1937. Injury to right shoulder and neck. Our liability for treatment to be governed by the provisions of the workmen's compensation act."

In the notice and application for adjustment of claim, the injury was described as "subluxation of sixth cervical which affected nerves leading to muscles in shoulder." Plaintiff Green treated the injury and after 16 treatments, Kerns fully recovered. Green then filed a petition with the department of labor and industry to fix fees and was allowed the sum of $38.

Defendants claim that treatment by a chiropractor does not constitute reasonable medical or surgical services within the purview of 2 Comp. Laws

1929, § 8420 (Stat. Ann. § 17.154); that plaintiff's claim is not sustained by any contract between the parties but was incurred entirely under provisions of the compensation law. It is then argued that plaintiff cannot recover for his professional services against the employer or the insurer since they are not within the law. Since the order awarding plaintiff fees specifically stated they were awarded pursuant to the compensation law, this question is the only one before us on the appeal.

While a chiropractor is not permitted to use the terms "doctor," "physician" or "surgeon" (2 Comp. Laws 1929, § 6739 [Stat. Ann. § 14.533]), we have long held that he may engage nevertheless in the "practice of medicine." *Locke* v. *Ionia Circuit Judge,* 184 Mich. 535; *Erdman* v. *Great Northern Life Ins. Co.,* 253 Mich. 579. Chiropractic is defined by Act No. 145, § 6, Pub. Acts 1933 (Comp. Laws Supp. 1935, § 6756–46, Stat. Ann. § 14.586), as the locating "of misaligned or displaced vertebrae of the human spine, the procedure preparatory to and the adjustment by hand of such misaligned or displaced vertebrae and surrounding bones or tissues." In *People* v. *Lewis,* 233 Mich. 240 (42 A. L. R. 1337), we quoted from *Commonwealth* v. *Zimmerman,* 221 Mass. 184 (108 N. E. 893, Ann. Cas. 1916 A, 858), as follows:

"In order to practice medicine, one need not cover the entire field of the science. If he devoted himself to a very restricted part of it, he still may be found to practice medicine. * * *

"A physical examination of the vertebrae, a decision whether they are in normal position or not, and strong manual pressure upon them with the end of changing the position with reference to each other of those found to be irregular, and thereby relieving

pressure upon nerves, may be found to have relation to the cure or prevention of disease or the relief of pain as to constitute the practice of medicine.''

As chiropractic manipulation is considered within the legislative meaning of ''practice of medicine,'' it is also within the meaning of ''medical services.'' Plaintiff's claim was thus allowable under 2 Comp. Laws 1929, § 8420 (Stat. Ann. § 17.154). See, also, *Shober* v. *Industrial Commission*, 92 Utah, 399 (68 Pac. [2d] 756).

Defendants point out the dangers in compelling employees to submit to treatment from chiropractors rather than from licensed physicians. This question is not before us, but it is sufficient to point out that it is not a fair inference from our present holding that chiropractic services could be compelled. It can be forcefully argued that an employee who has sustained a broken leg could not be required to go to an oculist for treatment although the latter is undoubtedly a physician authorized to practice medicine. Here, the employee's injury was one within the limited medical field in which plaintiff, as a chiropractor, was authorized to engage. He is entitled to fair remuneration for his services.

The award is affirmed, with costs to plaintiff.

WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred. McALLISTER, J., did not sit.