EDWARD H. INGEBRITSON v. TJERNLUND
MANUFACTURING COMPANY AND ANOTHER.
GEORGE FOLTZ v. SKELDON-GREEN
ELECTRIC, INC., AND ANOTHER.

183 N. W. (2d) 552.

January 29, 1971—Nos. 42398, 42399, 42400, 42401.

*Robb, Van Eps & Gilmore* and *George R. Benton,* for employers and insurer.

*John F. Bonner, Jr.,* and *Gordon Rosenmeier,* for employees.

*Richard W. Johnson* and *Richard J. Keenan,* for State Board of Chiropractic Examiners, amicus curiae.

*Milton H. Altman* and *Sydney Berde,* for State Board of Medical Examiners, amicus curiae.

*Wayne A. Wentworth,* for International Chiropractors Association, amicus curiae.

PETERSON, JUSTICE.

Two employees, both of whom sustained work-connected back injuries, were treated by duly licensed chiropractors. Their claims, under the workmen's compensation statute, for payment of the reasonable fees incurred for chiropractic services were contested by the employers and their insurer on the sole ground that chiropractic services are not compensable under that statute.

The primary question is whether charges for any chiropractic treatment of an injured employee are compensable under the workmen's compensation statute. Secondary questions, reached only if the answer to that primary question is in the affirmative, are whether charges either for diagnostic X ray or for the use of various electrical and mechanical modalities of physical therapy adjunctive to chiropractic adjustment are compensable.

The two cases, after separate hearing before different referees, were argued together before the Workmen's Compensation Commission and have been consolidated upon appellate review. The commission awarded compensation for the basic chiropractic treatment of orthopedic examination and adjustment by hand manipulation and, in addition, for diagnostic X ray; but it denied compensation for adjunctive physical therapy. The employees and the employers-insurer seek review of that part of the award adverse to their respective contentions. We hold that none of these charges for chiropractic service is compensable under the workmen's compensation statute.

■ The basic statute is Minn. St. 176.135, which in part provides:

"Subdivision 1. The employer shall furnish such *medical, surgical and hospital treatment,* including nursing, medicines, medical and surgical supplies, crutches and apparatus, including artificial members, or, at the option of the employee, if the employer has not filed notice as hereinafter provided, Christian Science treatment in lieu of medical treatment, medicine and medical supplies,[1] as may reasonably be required at the time of the injury and any time thereafter *to cure and relieve from the effects of the injury.* Such treatment shall include treatments necessary to physical rehabilitation. * * * Orders of the commission with respect to this subdivision may be reviewed by the commission on petition of an aggrieved party or by writ of certiorari to the supreme court.

"Subd. 2. The commission shall make the necessary rules for a change of physicians[2] in the case that either the employee or the employer desire a change and for the designation of a physician suggested by the injured employee or the commission." (Italics supplied.)

Our decision is based upon this statute and is not a decision of what may, under any other statute, constitute lawful chiropractic service.

The language of this controlling statute does not expressly authorize the payment for any chiropractic service, and the leg-

---

[1] With respect to this option for nonmedical treatment, Minn. St. 176.135, subd. 4, provides in part: "* * * Any employer may elect not to be subject to the provisions for Christian Science treatment provided for in this section by filing a written notice of such election with the commission, in which event the election of the employee shall have no force or effect whatsoever."

[2] Section 176.011, subd. 17, states this definition: " 'Physician' means one authorized by law to practice his profession within one of the United States and in good standing in his profession, and includes surgeon."

islative history of the statute reveals no intent to make such services compensable. The Workmen's Compensation Act was enacted in 1913. At that time the term, "physician," clearly did not include a chiropractor,[3] and the authorized practice of medicine clearly did not include chiropractic.[4] Chiropractic did become an authorized healing art by L. 1919, c. 64, but no change was thereafter made in the limiting language of the statute then containing the substance of § 176.135.[5] It is a settled rule of statutory construction that terms in a statute are presumed to be used in accordance with their common meaning or, where a term has been judicially construed, in accordance with such construction. 2 Sutherland, Statutory Construction (3 ed.) § 4919.

■ Chiropractic has been accorded professional status by other statutes enacted subsequent to the workmen's compensation statute. Chiropractic is defined in § 148.01, subd. 1, as "the science of adjusting any abnormal articulations of the human body, especially those of the spinal column, for the purpose of giving freedom of action to impinged nerves that may cause pain or deranged function." Chiropractors are licensed, as provided in § 148.06, only upon completion of extensive educational re-

---

[3] In Goss v. Goss, 102 Minn. 346, 351, 113 N. W. 690, 692, this court said, although in a different context, "A physician is one who is versed in medical science, a branch of which is surgery; and a surgeon is a physician who treats bodily injuries and heals by manual operations and the use of surgical instruments and appliances. A physician, as defined by our statute and in common parlance, is a person schooled in both medicine and surgery." See, also, State ex rel. Wentworth v. Fahey, 152 Minn. 220, 188 N. W. 260.

[4] In State v. Rolph, 140 Minn. 190, 167 N. W. 553, a chiropractor was convicted of the unauthorized practice of medicine.

[5] The legislature did amend that statute, Minn. St. 1949, § 176.15, in 1953 conditionally to permit "Christian Science treatment in lieu of medical treatment." L. 1953, c. 439, § 1. It could have similarly amended the statute to make express reference to chiropractors had it so intended. As we said in Wallace v. Commr. of Taxation, 289 Minn. 220, 230, 184 N. W. (2d) 588, 594, "courts cannot supply that which the legislature purposely omits or inadvertently overlooks."

quirements and examination by the State Board of Chiropractic Examiners. Minn. St. c. 146 (L. 1927, c. 149) requires that chiropractors, like physicians and others engaged in the "practice of healing," pass an examination by the state board of examiners in the basic sciences.

Nevertheless, these statutes do not purport to amend the concept of "medical treatment" contained in § 176.135. To the contrary, § 148.01, subd. 2, expressly provides:

"The practice of chiropractic is hereby declared not to be the practice of medicine, surgery, or osteopathy."

These statutes, moreover, do not in any way employ the word "physician" in relation to chiropractors.[6]

■ We are mindful that a liberal construction is ordinarily accorded the workmen's compensation statute. Amicus curiae American State Board of Chiropractic Examiners and amicus curiae International Chiropractors Association submit, upon this premise, that the phrase in § 176.135 relating to medical treatment reasonably required "to cure and relieve from the effects of the injury," constitutes a sufficient basis for making chiropractic services compensable.[7] That phrase, however, does not define the statutory meaning of "medical treatment," but merely

---

[6] Although at no point in any statute has the term "physician" been used in relation to chiropractors, numerous references to "osteopathic physicians" had been made in Minn. St. 1961, §§ 148.11 and 148.12, prior to repeal of those sections by L. 1963, c. 45.

[7] Although the State Board of Chiropractic Examiners (perhaps reflecting the view of the American Chiropractors Association) and the International Chiropractic Association are in agreement upon the primary issue in this case, they are not in complete agreement on the secondary issues. The former would reverse the commission's denial of compensation for physical therapy, but the latter would affirm. Differences in philosophy between the two associations have been noted in England v. Louisiana State Board of Medical Examiners (E. D. La.) 246 F. Supp. 993, 995, affirmed, 384 U. S. 885, 86 S. Ct. 1924, 16 L. ed. (2d) 998.

circumscribes the extent of medical treatment to which the injured employee is entitled. Cf. Castle v. City of Stillwater, 235 Minn. 502, 51 N. W. (2d) 370. To incorporate chiropractic services as "medical treatment" would constitute judicial legislation, not judicial construction.

Employees and amici, in the same vein, point to Nori v. Halmet's General Store, 20 Minn. W. C. D. 63 (1957), both as a persuasive construction of § 176.135 and, absent subsequent change by the legislature, as an authoritative gloss on the statute. A reasonable departmental practice in the administration of the statute is normally accorded substantial consideration, Knopp v. Gutterman, 258 Minn. 33, 102 N. W. (2d) 689, but even a longstanding administrative practice[8] is not binding if it is erroneous or contrary to the plain meaning of a statute. In re Estate of Raynolds, 219 Minn. 449, 18 N. W. (2d) 238; Stoecker v. Moeglein, 269 Minn. 19, 129 N. W. (2d) 793.

Nori v. Halmet's General Store, *supra,* is a somewhat obscure decision in content and effect. The issue arose upon a petition from an employee to authorize a change from a physician to a chiropractor, pursuant to the "change of physicians" provision

---

[8] The commission's opinions in the instant cases state that "chiropractic treatment has been rendered for injuries coming within the purview of the Workmen's Compensation Law for many years and payment for such services awarded," but the commission acknowledges that only the Nori decision has been the subject of an appeal hearing. The referees, as noted in the commission decisions before us, awarded payment for chiropractic adjustments but denied recovery for the expense of orthopedic examination (including X ray) and physical therapy treatment. We are aware of only one other departmental decision, that of a referee in Lelm v. Biwabik Gravel Co. (Commission File No. 521730), in which compensation was awarded for the chiropractic adjustment, including X ray diagnosis and physical therapy. It is significant that within the department itself the referees are not wholly in agreement among themselves or with the commission's decision in the instant case. In Nordeen v. State (Commission File No. 501989) the state, as employer and self-insurer, refused to award compensation for any chiropractic treatment.

of § 176.135, subd. 2. Although purporting to construe the meaning of "medical treatment" in § 176.135, subd. 1, the opinion refers only to §§ 146.01 and 148.01, subd. 1, virtually without contextual reference to the controlling statute itself. The commission concluded that "[c]hiropractic manipulation [is] within the meaning of 'medical services,'" cryptically citing Green v. Rawlings, 290 Mich. 397, 287 N. W. 557, and distinguishing Corsten v. Industrial Comm. 207 Wis. 147, 240 N. W. 834.

We construe § 176.135 without reliance upon decisions in other jurisdictions. Green v. Rawlings, *supra,* and Shober v. Industrial Comm. 92 Utah 399, 68 P. (2d) 756, held chiropractic services compensable on the ground that chiropractic manipulation constitutes practice of medicine, although within a limited field. Corsten v. State Industrial Comm. *supra,* and Neagle v. State Highway Dept. (Ky.) 371 S. W. (2d) 630, held, to the contrary, that chiropractors are not physicians and are not considered to practice medicine, thereby excluding chiropractic manipulation from the term, "medical treatment."

■ The issue in the instant case is seemingly of greater importance to the chiropractic profession than to the employees, for the fees for chiropractic services rendered them were not substantial in amount. The legislature has just recently been convened and will have ample opportunity more clearly to manifest the intent of § 176.135, either by express amendment to the statute or by leaving the statute unchanged. Our present construction of the statute requires that the decision awarding compensation for chiropractic services other than physical therapy be reversed and its denial of compensation for physical therapy be affirmed.

Reversed in part and affirmed in part.