Carolyn **WALLER**, Respondent,

**George T. Caldwell, Sr., etc.,**
**Respondent,**

v.

**POWERS DEPARTMENT STORE,**
**etc., Petitioner.**

No. C3–83–802.

Supreme Court of Minnesota.

Feb. 10, 1984.

———

Gordon G. Busdicker, Wendy J. Wildung, Faegre & Benson, Minneapolis, for petitioner.

Robert J. Alfton, City Atty., Allen B. Hyatt, Asst. City Atty., Minneapolis, for respondent Caldwell.

Gary A. Weissman, French & Weissman, P.A., Minneapolis, for respondent Waller.

COYNE, Justice,

Seeking a writ of prohibition, the petitioner challenges the authority of the district court to compel discovery, pursuant to the provision for temporary relief contained in Minneapolis Ordinance § 141.-80(c)(7) (1982), in administrative proceedings before the Minneapolis Department of Civil Rights. We conclude that the writ shall issue.

In July of 1976, Carolyn Waller, a black female, filed a complaint with the Minneapolis Department of Civil Rights (MDCR) alleging that Powers Department Store (Powers) declined on account of her race to hire her as a buyer trainee. The MDCR conducted an extensive investigation into Waller's allegations, and in March 1981 the MDCR director made a probable cause determination that her charges were "well founded." Minneapolis Ordinance § 141.-50(c). The director then referred the matter to the Minneapolis Civil Rights Commission for public hearing.

A prehearing conference was held on May 20, 1982. Prior to the conference, Waller's privately retained attorney served interrogatories, requests for admissions, and requests for production of documents on Powers, pursuant to the Minnesota Rules of Civil Procedure governing pretrial discovery. Minn.R.Civ.P. 26, 33, 34, 36. Powers did not respond to Waller's discovery requests, and at the prehearing conference asserted that discovery was not available to Waller under the provisions of the Minneapolis Civil Rights Code.

Subsequently, at the behest of Waller, the MDCR director petitioned the district court for temporary relief pursuant to Minneapolis Ordinance § 141.80(c)(7) (1982). The relief sought was an order compelling Powers (1) to respond to Waller's discovery requests; (2) to produce two of its former employees for depositions at Powers' expense; (3) to designate local counsel, or in the alternative, accept long distance telephone calls from Waller's counsel; and (4) to pay attorney fees in the amount of $250.00. On May 11, 1983, the district court granted the requests for discovery, but denied the requests for deposition and other relief. Powers then filed this petition for a writ prohibiting the enforcement of the discovery order. The parties agreed to a stay of the lower court order pending this court's determination.

The single issue presented in this proceeding is whether Minneapolis Ordinance § 141.80(c)(7) (1982) authorizes the district court to compel discovery in an MDCR proceeding. The ordinance provides as follows:

*Temporary relief:* At the time the director has determined that there is probable cause to believe that a respondent has engaged in discrimination, the director may file a petition in the district court in a county in which the subject of the complaint occurs, or in a county in which a respondent resides or transacts business, seeking appropriate temporary relief against the respondent, pending final determination of proceeding under this title, including an order or decree restraining the respondent from doing or procuring any act tending to render ineffectual any order the director or commission may enter with respect to the complaint. The court shall have power to grant such temporary relief or restraining order as it deems just and proper, but no such relief or order extending beyond ten (10) days shall be granted except by consent of the respondent or after hearing upon notice to the respondent and a finding by the court that there is reasonable cause to believe that the respondent has engaged in discrimination. The Minnesota Rules of Civil Procedure shall apply to such application, and the district court shall have authority to grant or deny such relief sought on

such conditions as it deems just and equitable. All hearings under this section shall be given precedence as nearly as practicable over all other pending civil actions.

The respondents contend that even though the ordinance does not explicitly authorize the court to order discovery, the provision for temporary relief should be liberally construed to promote the fair and expeditious disposition of those complaints of discrimination for which the MDCR has determined there is probable cause.[1] Although the goal is laudable, we regard as inappropriate the means proposed: Nothing in either the rules or the enabling act authorizing the promulgation of rules governing practice and procedure in civil actions permits their application in administrative proceedings.

▪▪▪ It is a fundamental tenet of administrative law that the powers of an administrative agency can only be exercised in the manner prescribed by its legislative authorization. *Souden v. Hopkins Motor Sales, Inc.*, 289 Minn. 138, 182 N.W.2d 668 (1971). Neither agencies nor courts may under the guise of statutory interpretation enlarge the agency's powers beyond that which was contemplated by the legislative body. *Cf. Flemming v. Florida Citrus Exchange*, 358 U.S. 153, 79 S.Ct. 160, 3 L.Ed.2d 188 (1958).

In accordance with these principles, the vast majority of courts which have considered the availability of discovery mechanisms to administrative litigants have concluded that explicit statutory or rulemaking authorization is necessary before any system of discovery may be incorporated into the administrative proceedings. For example, in *Frilette v. Kimberlin*, 508 F.2d 205 (3rd Cir.1974), *cert. denied*, 421 U.S. 980, 95 S.Ct. 1983, 44 L.Ed.2d 472 (1975), the Third Circuit Court of Appeals overruled its prior decision in *In re Natta*, 388 F.2d 215 (3rd Cir.1968), and held that in the absence of congressional authorization the district courts were without jurisdiction to order discovery in patent interference cases before the United States Patent Office. *See also N.L.R.B. v. Interboro Contractors, Inc.*, 432 F.2d 854 (2nd Cir.1970) (holding that while discovery is not available as a constitutional right in administrative proceedings under the National Labor Relations Act, Section 6 of the Act grants the N.L.R.B. discretionary power to promulgate discovery rules to carry out its purposes), and *Pennsylvania Human Relations Commission v. St. Joe Minerals Corp. Zinc Smelting Div.*, 24 Pa.Commw. 455, 357 A.2d 233 (1976), *aff'd*, 476 Pa. 302, 382 A.2d 731 (1978), (holding that the Human Relations Commission was without power to issue order compelling employer to answer written interrogatories in the absence of statutory authorization).[2] We similarly conclude that the authority of the district court to compel discovery pursuant to § 141.80(c)(7), exists only if the ordinance may be construed to include discovery as a form of temporary relief.

▪▪▪ Statutes and ordinances regulating administrative agencies are interpreted in the same manner and in accordance with the same principles as all other laws. *See* 1 Am.Jur.2d *Administrative Law* § 36 (1962). The primary object of such interpretation is to discover the legislative intent. It is well settled, however, that statutory construction is appropriate only when the statute is ambiguous. *Kealy v. St. Paul Housing & Redevelopment Au-*

---

**1.** It should be noted that the broad discovery mechanisms contained in the Minnesota Rules of Civil Procedure have no bearing on our interpretation of the ordinance. By their own terms the civil procedure rules apply only to actions in the state courts. Minn.R.Civ.P. 1.

**2.** A few courts have taken the position that due process and fairness require that some form of access to information in the possession of an administrative agency be made available to one haled before the agency. *E.g., Shively v. Stewart*, 65 Cal.2d 475, 55 Cal.Rptr. 217, 421 P.2d 65 (1967) (due process requires that a physician be permitted to discover information necessary to his defense against charges levied in disciplinary proceedings); *McClelland v. Andrus*, 606 F.2d 1278 (D.C.Cir.1979) (due process mandates that a federal civil servant be permitted limited discovery in discharge proceedings).

**658**

*thority,* 303 N.W.2d 468 (Minn.1981). As we stated in *State v. West,* 285 Minn. 188, 197, 173 N.W.2d 468, 474 (1969), "It is not for the courts to make, amend, or change the statutory law, but only to apply it. If its language embodies a definite meaning which involves no absurdity or contradiction, the statute is its own best expositor."

■ The language of § 141.80(c)(7) is both plain and unambiguous. By permitting the director to apply to the district court for temporary relief following a probable cause determination, the provision establishes a procedure through which the MDCR can prevent respondents from engaging in acts such as continuing acts of discrimination or the destruction of records, which may be detrimental to the resolution of the proceedings before it. Nothing in the ordinance language indicates any sort of city council intention to depart from the common meaning of the term "temporary relief." *Ingebritson v. Tjernlund Mfg. Co.,* 289 Minn. 232, 183 N.W.2d 552 (1971).

Moreover, to interpret the ordinance to permit prehearing discovery would lead to a construction both absurd and tortuous. *State ex rel Forslund v. Bronson,* 305 N.W.2d 748 (Minn.1981). The ordinance provides for relief against respondents only. That relief may not extend beyond a period of 10 days except with the respondent's consent or unless the court has found, after a hearing upon notice to the respondent, that there is reasonable cause to believe the respondent has engaged in discrimination. While these limitations are eminently reasonable when the court is fashioning temporary relief intended to restrain actions designed to frustrate the orders of the Civil Rights Commission, they are unfair and unwieldly when applied to discovery orders.

In conclusion, we find nothing in Minneapolis Ordinance § 141.80(c)(7) which empowers the district court to grant discovery to complainants in MDCR actions. As we have previously held, a writ of prohibition is the appropriate form of relief when a court has exceeded its power to order dis-

covery. *Cumis Insurance Society, Inc. v. Blum,* 304 N.W.2d 328 (Minn.1981). Hence, in light of our finding that the ordinance did not authorize the district court to order discovery, the writ of prohibition requested by petitioner shall issue.