In re the Matter of HANDLE WITH CARE, INC., et al., Petitioners,

v.

DEPARTMENT OF HUMAN SERVICES, Respondent.

No. C3–86–99.

Court of Appeals of Minnesota.

Sept. 30, 1986.

Review Granted Nov. 26, 1986.

Paris DonRay Getty, Kelly S. Rask, Forest Lake, for petitioners.

Hubert H. Humphrey, III, State Atty. Gen., James S. Alexander, Don L. Johnson, Sp. Asst. Attys. Gen., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J. and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

SEDGWICK, Judge.

Petitioners seek a judgment declaring that certain day care rules were invalidly promulgated. The petition for declaratory relief is granted.

## FACTS

Between October 1983 and February 1984, the Legislative Commission to Review Administrative Rules (LCRAR)[1] conducted a review of agency rules governing the licensure of family and group family day care providers. A series of public meetings was held, and on February 15, 1984 the LCRAR issued a report which summarized its review process and recommended several amendments to the rules.

In May 1984, the legislature passed 1984 Minn.Laws ch. 658, § 2:

Subd. 4. The commissioners of human services, public safety, and administration shall conduct a comprehensive study of the issues surrounding the licensure of family or group family day care homes and day care centers. The commissioners shall prepare a report for the legislature with recommendations for regulations that will ensure a safe environment for children but which do not discourage the provision of quality day care services. The report must be delivered to the appropriate legislative committees by February 1, 1985.

Before adopting any rules regulating family or group family day care homes, the commissioner of human services shall consult with the state fire marshal and the state building inspector. The fire marshal and the state building inspector shall review the rules to ensure compliance with laws that are administered and enforced by their agencies.

Minn.Stat. § 245.802, subd. 4 (1984).

On October 10, 1984, the Department of Human Services filed a draft of proposed new day care rules with the chief administrative law judge. A notice of hearing was published in the *State Register* and mailed to interested parties, and a hearing on the proposed rules was held on November 30 and December 1, 1984. The day before the hearing began, the LCRAR submitted a letter to the administrative law judge indicating that the proposed rules had been reviewed and were consistent with the commission's actions. Several other legislators submitted comments on the proposed rules prior to the hearing, and at least one representative and two members of the LCRAR attended the hearing.

On January 22, 1985, the administrative law judge issued a report on the rulemaking proceeding, and the findings contained in that report were subsequently approved by the chief administrative law judge. The new rules were determined to be a "thorough-going revision of the standards governing family and group family day care in the State of Minnesota." (Administrative law judge Finding of Fact No. 8.) On March 11, 1985, the rules and a notice of adoption were filed with the secretary of state, and on March 25, 1985, a notice of adoption was published in the *State Register*. With certain exceptions, the rules became effective five days later.

In March 1985, the Department of Human Services filed a "Status Report" on day care regulations with the Minnesota legislature. This report was only three and one-half pages long, and was not prepared by the Commissioners of the Department of Human Services, Public Safety and Administration as required by Minn.Stat. § 245.802, subd. 4. The report was also not filed by February 1, 1985, as required by the statute. Although the report referred to "proposed rules" and "recommendations for family and group family day care regulations," the adopted family day care rules, the report of the administrative law judge and the order for adoption of the rules were appended to the report.

The petitioners are day care providers and organizations of day care providers who have requested a judgment declaring that because the Department of Human Services failed to comply with the procedures mandated by Minn.Stat. § 245.802,

---

1. This Commission is established by statute to "promote adequate and proper rules by agencies and an understanding upon the part of the public respecting them." Minn.Stat. § 14.40 (1984). The Commission may hold public meetings to investigate rules, request agencies to hold public hearings, and suspend rules under certain circumstances. Minn.Stat. § 14.40; 14.41.

subd. 4, the new rules are in excess of statutory authority and therefore invalid.

## ISSUES

1. Do the petitioners have standing to bring this action?

2. Must petitioners be certified as a class?

3. Did the Department of Human Services, in promulgating its new day care rules, to comply with procedures mandated by statute?

## ANALYSIS

■ 1. The present action is a pre-enforcement challenge to agency rules, rather than an appeal following a contested case hearing. As such, the petitioners' claim is governed by Minn.Stat. § 14.44 (1984), which provides:

The validity of any rule may be determined upon the petition for a declaratory judgment thereon, addressed to the court of appeals, when it appears that the rule, or its threatened application, interferes with or impairs, or threatens to interfere with or impair the legal rights or privileges of the petitioner. The agency shall be made a party to the proceeding. The declaratory judgment may be rendered whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question, and whether or not the agency has commenced an action against the petitioner to enforce the rule.

The test for standing to challenge a rule under the above language is whether a petitioner has demonstrated "injury in fact." *McKee v. Likins*, 261 N.W.2d 566, 570 (Minn.1977) (citing *Snyders Drug Stores v. Minnesota Board of Pharmacy*, 301 Minn. 28, 32, 221 N.W.2d 162, 165 (1974)).

■ The Commissioner of Human Services alleges that the petitioners have made an insufficient showing of standing to bring this action because they have alleged only that they are "day care providers and organizations of day care providers," and

have not alleged injury as a result of the promulgation of the new rules. However, the petition for declaratory judgment alleges:

2. * * * The statute mandated that there be a comprehensive study, with proposed regulations, submitted to the appropriate legislative committees before February 1, 1985, which should take into account both a safe environment for children and effect on the provision of quality day care services. *The purported "study" either ignores the second consideration or deals with it in a conclusory manner.*

\* \* \* \* \* \*

5. * * * the failure of the Departments to make such a comprehensive study and submit the results with the proposed regulations has effectively ignored the legislative intent and has effectively *caused the anticipated harm— discouragement of quality services—by failing to comply with the statutory mandate.*

6. Petitioners are individual day care providers, or organizations of such, within the State of Minnesota, *whose legal rights and privileges are impaired by said rules.*

(Emphasis supplied). Day care providers are certainly affected by day care regulations. By alleging that the Commissioner's failure to comply with the legislature's directives will discourage the provision of quality day care services, the petitioners have sufficiently established that the rules threaten to interfere with their legal rights.

■ 2. The Commissioner also challenges the petitioners' action because it is brought as a class, as well as individually, and petitioners have not obtained class certification. Failure to obtain class certification is immaterial here because the relief which may be granted to petitioners as a class (i.e., a declaration that the rules are invalid), is no different than that which may be granted to petitioners individually.

■ 3. The legislature indicated in Minn.Stat. § 245.802, subd. 4, that a report

following a *comprehensive study* and containing *recommendations* for regulations *must* be prepared by the Commissioners of *Human Services, Public Safety, and Administration* by *February 1, 1985*. There is no evidence in the record that a comprehensive study was undertaken by the Commissioners of Human Services, Public Safety and Administration. Instead, following general rulemaking procedures, the Department of Human Services prepared a brief, three and one-half page "Status Report," attached the new day care rules which had already been adopted, and submitted the report and the rules to the legislature in March 1985. This procedure was clearly in contravention of the statutory mandate.

The statute uses the terms "shall" and "must." While the term "may" is permissive, "shall" is mandatory. Minn.Stat. § 645.44, subd. 15, 16 (1984).

> It is * * * well established that the words "may" and "shall", when used in statutes, ordinarily are not to be construed as interchangeable but are to be given their literal meanings unless a contrary legislative intent appears.

*Agassiz and Odessa Mutual Fire Insurance Co. v. Magnusson*, 272 Minn. 156, 165, 136 N.W.2d 861, 868 (1965).

Despite these rules of construction, the Commissioner argues that if a statute fails to provide a method of enforcement and does not specify the consequences of failure to comply, the statute should be construed as directory, rather than mandatory. *See Sullivan v. Credit River Township*, 299 Minn. 170, 176–77, 217 N.W.2d 502, 507 (1974). *Sullivan*, however, dealt with public officials' failure to comply with the provisions of a public meeting law. Here, the statute was directed towards an agency whose powers are strictly defined by statute.

> It is a fundamental tenet of administrative law that the powers of an administrative agency can only be exercised in the manner prescribed by its legislative authorization. *Souden v. Hopkins Motor Sales, Inc.*, 289 Minn. 138, 182

N.W.2d 668 (1971). Neither agencies nor courts may under the guise of statutory interpretation enlarge the agency's powers beyond that which was contemplated by the legislative body. *Cf. Flemming v. Florida Citrus Exchange*, 358 U.S. 153, 79 S.Ct. 160, 3 L.Ed.2d 188 (1958). *Waller v. Powers Department Store*, 343 N.W.2d 655, 657 (Minn.1984). The legislature has, in fact, provided for a method of enforcement, since it has declared that rules which exceed an agency's statutory authority are invalid. Minn.Stat. § 14.45.

The Commissioner also argues that during the entire rulemaking process the legislature was apprised of its actions. Because members of the LCRAR did attend the hearing and express approval of the rules, the Commissioner appears to argue that we should apply the doctrine of substantial compliance or harmless error. In *Johnson Brothers Wholesale Liquor v. Novak*, 295 N.W.2d 238 (Minn.1980), the supreme court stated:

> According to [the substantial compliance] doctrine, a reviewing court should:
>
> > Examine the extent to which the agency deviated from the statutory requirements, whether the deviation was inadvertent or a part of a purposeful scheme to avoid compliance, and the extent to which that non-compliance disabled those who might have wanted to from participating in the rule making or structuring their affairs to take account of its existence. Auerbach, *Administrative Rulemaking in Minnesota*, 63 Minn.L.Rev. 151 at 215 (1979) (quoting Banfield, *The Iowa Administrative Procedure Act: Background, Construction, Applicability, Public Access to Agency Law, The Rulemaking Process*, 60 Iowa L.Rev. 781, 834 (1975)).

However, the MAPA, unlike the model act, does not contain a provision that a rule is valid where adopted in substantial compliance with procedural requirements. Even if this court were inclined to read the doctrine into the MAPA through an application of the harmless

error doctrine, this is not the appropriate case in which to do so.

*Id.* at 241–42. We are not inclined to read the doctrine of substantial compliance into Minnesota law in order to reach a result we do not believe is warranted under the facts of this case.

### DECISION

In adopting the challenged day care rules, the Commissioner of Human Services failed to comply with express legislative directives. The petitioners' prayer for a judgment declaring the rules invalid is granted. The prior rules are reinstated until new rules are properly promulgated.

Petition for declaratory judgment granted.