James JONES, Appellant,

v.

CONSOLIDATED FREIGHTWAYS
CORPORATION, Respondent.

No. C0–84–816.

Court of Appeals of Minnesota.

March 5, 1985.

Rider, Bennett, Egan & Arundel, Mary W. Mason, George T. Morrow, II, Minneapolis, for appellant.

Mackall, Crounse & Moore, Andrew R. Clark, Minneapolis, for respondent.

Considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

On February 10, 1983, appellant James Jones instituted a lawsuit against respondent Consolidated Freightways alleging discrimination arising out of the termination of Jones' employment with Consolidated on March 6, 1976. Summary judgment for Consolidated was entered April 30, 1984. We affirm.

## FACTS

Pursuant to Minn.R.Civ.App.P. 110.04 the parties prepared a "Statement of the Record" which sets forth the following relevant facts:

1. James Jones was a probationary employee hired by Consolidated Freightways on February 11, 1976. His employment was terminated on March 6, 1976.

2. James Jones filed a charge of discrimination with the Minnesota Department of Human Rights on April 1, 1976.

3. By letter dated July 30, 1976, the Minnesota Department of Human Rights notified James Jones that 90 days had elapsed since the filing of the charge and, therefore, the Minnesota Human Rights Act provided to Jones a right to private counsel and suit enclosing applicable portions of the Minnesota Human Rights Act.

4. On January 23, 1978, the Minnesota Department of Human Rights issued a statement finding probable cause.

5. On April 25, 1978, the Minnesota Department of Human Rights notified James Jones that attempts to voluntarily resolve the proceedings through conciliation had been unsuccessful.

6. On May 4, 1979, an administrative complaint was issued by the Minnesota Department of Human Rights against Consolidated Freightways.

7. On or about January 20, 1983, James Jones withdrew his charge from the Minnesota Department of Human Rights and on or about February 10, 1983, instituted a civil law suit against Consolidated Freightways.

The trial court held that Jones was entitled to bring civil suit after receiving notice from the Minnesota Department of Human Rights that 90 days had elapsed since the charge was filed with the Department or after notice that no conciliation agreement had been entered into. The trial court granted Consolidated's motion for summary judgment, stating Jones' failure to bring an action within the statutory time limits barred jurisdiction. On appeal the parties raised several issues, only one of which will be addressed by this opinion.

## ISSUE

Whether the trial court lacks jurisdiction due to Jones' failure to bring a civil action within the statutory time limits of Minn. Stat. § 363.14?

## ANALYSIS

### I

Consolidated Freightways argues the trial court lacks jurisdiction because Jones failed to comply with the 90 day time limits set forth in Minn.Stat. § 363.14, subd. 1 (1974). That statute provides in part:

If, after a charge has been filed with the department, the commissioner finds pursuant to section 363.06, subdivision 4, no probable cause to credit the allegations contained therein or if within 90 days from the filing of a charge, the commissioner has not issued a complaint pursuant to section 363.06 or the department has not entered into a conciliation agreement to which the charging party is a party, he shall so notify the charging party and *within 90 days after the giving of such notice a civil action may be brought by the charging party against the respondent named in the charge.*

*Id.* (emphasis added). On July 30, 1976, 90 days after the filing of the charge, the MDHR issued a notice letter to Jones and provided him with a copy of the relevant statutes. The notice stated:

According to our records, a period of ninety (90) days has elapsed since you filed a charge of discrimination with the Minnesota Department of Human Rights. Therefore, by law you must be notified that the Minnesota Human Rights Act provides that you have a right to engage private counsel to represent you if you so desire. This notice, however, does not change the department's responsibility to continue with its investigation and final determination.

A copy of the applicable portion of the Act is enclosed for your information. Please contact this department should you have any questions.

Jones argues this notice was defective because it failed to make a reference to Jones' right to sue or the 90 day time limitation for bringing a civil suit.

Under federal statutes and regulations, the federal courts have held that the ninety-day period does not begin to run until the aggrieved party receives a letter specifically informing him of his right to sue. *See Carlile v. South Routt School District Re 3-J*, 652 F.2d 981, 984 (10th Cir.1981). Section 363.14 only grants a limited right to notice: "[I]f within 90 days from the filing of a charge, the commissioner has not issued a complaint * * * or the department has not entered into a conciliation agreement * * *, he shall so notify the charging party * * *." Minn.Stat. § 363.-14, subd. 1 (1974). This notice, however, was never given.

■ The trial court's memorandum erroneously states that the MDHR's letter of July 30, 1976, notified Jones "that 90 days had elapsed since he has filed his charge with the department and that no complaint had been issued." The letter neither refers to a probable cause finding, the issuance of a complaint, nor the lack of a conciliation agreement. Without this information, the enclosure of section 363.14 was meaningless. "If the private right of action is to be effective, it is critical for the aggrieved party to know when the ninety-day period begins to run." *Lynn v. Western Gillette, Inc.*, 564 F.2d 1282, 1285 (9th Cir.1977).

■ Having determined the commissioner did not give the form of notice explicitly required under section 363.14, Jones' suit still was not timely. On April 25, 1978, the MDHR notified Jones that attempts to voluntarily resolve the proceedings through conciliation had been unsuccessful. That letter stated, in part:

You are hereby informed that attempts to voluntarily resolve the above-captioned case through conciliation have been unsuccessful.

Since we were unable to reach an agreement or otherwise resolve the charge, I am forwarding this case to the Commissioner with the recommendation that a

complaint be issued pursuant to Minn. Stat. 363.05(9) and 363.06, subd. 4(2). Under section 363.14, Jones then had an opportunity to file a civil suit until approximately July 25, 1978. His suit was not filed until February 10, 1983.

Jones argues that the 90 day time period in section 363.14 is not a jurisdictional prerequisite to filing a civil suit. Consolidated claims the time limits are jurisdictional, citing *Minnesota Mining and Manufacturing Co. v. State*, 289 N.W.2d 396 (Minn. 1979), *appeal dismissed*, 444 U.S. 1041, 100 S.Ct. 725, 62 L.Ed.2d 726 (1980).

The court in *Minnesota Mining* was faced with the issue of whether the timely filing of a charge is a jurisdictional prerequisite to bringing suit in district court or whether the requirement is subject to waiver and estoppel. In holding that Minn.Stat. § 363.06, subd. 3 [1] is jurisdictional, the supreme court stated:

> [T]he time limit provision of the Minnesota Human Rights Act is jurisdictional and not merely for the purpose of giving notice. A person has no statutory basis for bringing a lawsuit raising claims under the Human Rights Act unless he has filed a charge as to those claims within 6 months of the date he was last personally affected by the practice complained of.

*Minnesota Mining*, 289 N.W.2d at 401.

Three years later, the United States Supreme Court in *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), held that "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite * * *, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Id.* at 393, 102 S.Ct. at 1132; *see State ex rel. Gomez-Bethke v. Eastern Air Lines, Inc.*, 346 N.W.2d 184, 186 n. 1 (Minn.Ct.App.1984) (this court refused to interpret a five day notice requirement, Minn.Stat. § 363.06, subd. 1 (1978),

as jurisdictional, fearing it would create substantial due process and equal protection issues),[2] *pet. for rev. denied*, (Minn. Sept. 12, 1984).

■ In *Zipes*, the supreme court cited *Carlile* for the proposition that the timely filing of a charge of discrimination is not jurisdictional in the traditional sense but, instead, is subject to waiver and estoppel. In *Carlile*, the 10th Circuit Court of Appeals addressed the issue of whether the district court erred in dismissing Carlile's action for failure to commence an action pursuant to 42 U.S.C.A. § 2000e–5(f)(1) within 90 days of her receipt of the notice of right to sue letter. Under section 2000e–5(f)(1), if a charge is dismissed, not acted upon or if the commission has not entered into a conciliatory agreement, the commission must so notify the party and, within 90 days of such notice, a civil suit may be commenced. After noting that previous cases had not been consistent, the 10th circuit held that "the 90-day filing requirement is jurisdictional, subject to *potential* equitable tolling * * *." *Carlile*, 652 F.2d at 985 (emphasis in original). The importance of the *Carlile* decision is that the time limitation is not jurisdictional in the traditional sense but can be judicially extended. *See Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, —— n. 3, 103 S.Ct. 2392, 2395 n. 3, 76 L.Ed.2d 628 (1983). Based on these decisions, we conclude that the 90-day filing requirement in section 363.14 is not jurisdictional in the traditional sense and is, therefore, subject to the equitable doctrines of tolling and waiver. The issue then becomes whether either of these doctrines applies to the facts of this case.

■ Jones' innocent inadvertence is not sufficient to toll the statute. He was supplied with the relevant statutes and was eventually provided with notice sufficient to apprise him of his right to commence

---

1. Minn.Stat. § 363.06, subd. 3, provides: "A charge of an unfair discriminatory practice must be filed within six months after the occurrence of the practice."

2. *Eastern Air Lines* also held that "the hearing examiner correctly applied principles of equitable tolling in this case and that Minn.Stat. § 363.06, subd. 3 is not jurisdictional in nature." *Eastern*, 346 N.W.2d at 186 n. 1.

civil litigation. Had Jones not voluntarily withdrawn his claim with the MDHR, his claim may eventually have been vindicated. Why nothing was done by the MDHR from May 4, 1979, when a complaint was issued by MDHR until January 20, 1983, when Jones withdrew his charge, is not for review by this court. Any complaints about the handling of his claim should be directed at the MDHR, not Consolidated.

### DECISION

Because proper notice was given, the 90-day period began to run when the department informed Jones that it had not entered into a conciliation agreement. Jones' civil suit was not filed within that period. Although the 90-day filing requirement in section 363.14 is not jurisdictional in the traditional sense, Jones has not demonstrated that the doctrines of tolling or waiver apply to this case.

Affirmed.