Mavis E. KYLLO, Plaintiff,

v.

FARMERS COOPERATIVE COMPANY
OF WANAMINGO, MINNESOTA,
Defendant.

No. Civ. 4–88–618.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 16, 1989.

Linda Salesman, Hagberg & Gronbeck, Minneapolis, Minn., for plaintiff.

George L. May, Hertogs, Fluegel, Sieben, Polk, Jones & LaVerdiere, Hastings, Minn., for defendant.

## MEMORANDUM OPINION AND ORDER

DIANA E. MURPHY, District Judge.

Plaintiff Mavis Kyllo is a former employee of defendant Farmers Cooperative Oil Co. of Wanamingo, Minnesota (Farmers Coop). She was discharged on December 31, 1982 after working there more than 15 years as a bookkeeper; she was 58 years old. On July 22, 1988 she filed a complaint alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 626 (ADEA) (count 1), and the Minnesota Human Rights Act, Minn.Stat. § 363.01 *et seq.*, (MHRA) (count 2), and seeking lost wages under Minn.Stat. § 181.81 (count 3). On May 4, 1989 she amended her complaint to add two counts alleging sex discrimination, under Title VII 42 U.S.C. § 2000e et seq. (count 4), and the MHRA (count 5). Jurisdiction is alleged under 28 U.S.C. § 1331 and pendent jurisdiction. Before the court is defendant's motion for summary judgment on all counts.

## I.

On defendant's motion for summary judgment, all disputed material facts are construed in favor of plaintiff. *Agristor*

*Leasing v. Farrow*, 826 F.2d 732, 734 (8th Cir.1987). Few underlying facts regarding the discharge are at issue on this motion; defendant seeks summary judgment based upon various procedural rules and statutes of limitation.

Plaintiff was discharged on December 31, 1982. On May 9, 1983, she filed a *pro se* charge with the Minnesota Department of Human Rights (MDHR), alleging discrimination based upon age and marital status. Plaintiff contends that she attempted to allege sex discrimination as well, but the box next to "sex discrimination" was not checked off on the form initially submitted to the MDHR. On February 27, 1984, plaintiff amended her charge with the MDHR to expressly include a claim of sex discrimination. The MDHR accepted the amended claim over defendant's objection.

The MDHR ruled in October 1984 that there was probable cause to support part of her age discrimination claim. It found no probable cause for the sex and marital status claims and some aspects of the age claim. Plaintiff timely requested reconsideration of the no probable cause determination. On the request form she stated that more information was forthcoming. She did not provide anything further, however.

Between 1984 and 1988 the MDHR and the parties unsuccessfully engaged in conciliation efforts on the age discrimination charges for which probable cause had been found. During this period the MDHR inexplicably did not rule on plaintiff's request for reconsideration of the no probable cause determination.[1] On June 7, 1988, the MDHR finally affirmed its prior determination of no probable cause and dismissed the charges.[2] Then on June 13, 1988, the Equal Employment Opportunity Commission (EEOC) issued a "right to sue" notice to plaintiff. The notice advised plaintiff that she had a right to bring suit on the

---

1. The commissioner of the MDHR is required to rule on the reconsideration within 20 days. Minn.Stat. § 363.06 subd. 4(2).

2. The same notice stated that the appeal provisions of the MHRA are to be "construed liberal-

ly," and in light of this directive "it is determined that the charging Party's appeal was perfected on October 26, 1984, despite her failure to supplement her notice of appeal." Order of June 7, 1988 at 2.

federal claims within 90 days of the notice.[3] The notice also stated:

> While Title VII requires the Commission to issue a Notice of Right to Sue before you can bring suit under that law, you obtained the right to sue under the Age Discrimination in Employment Act (ADEA) when you filed your charge, subject to a 60–day waiting period. ADEA suits must be brought with 2 years (3 years in cases of willful violations) of the alleged discrimination.

Plaintiff's Exhibit 2–M

Plaintiff filed her summons and complaint with the clerk of this court on July 22, 1988. She served defendant by mail, and the materials were received on Saturday, July 23, 1988, the 46th day after the reaffirmation of no probable cause.

Defendant makes six arguments for dismissal of portions of all of the complaint: 1) plaintiff did not perfect her request for reconsideration with the MDHR; 2) the MDHR issued an unlawful order because it delayed too long in considering the request; 3) the claims under the MHRA were untimely brought; 4) the ADEA claim is time-barred; 5) the sex discrimination claims are not properly before the court and are time-barred; 6) the claim for lost wages is untimely under the Minnesota limitations period for contract actions. These arguments will be addressed in turn.

## II.

### A.

■ Defendant contends that plaintiff failed to perfect her request for reconsideration by the MDHR and that the agency's actions after 1984 should not be considered. It contends that portions of this action are therefore untimely under Minn.Stat. § 363.14 because the suit was commenced more than 45 days after the 1984 determination of no probable cause. This argument conflicts with the position taken by the MDHR. The agency ruled that the

appeal provisions should be construed liberally to promote resolution of discrimination claims on their merits and that plaintiff's request for reconsideration was adequate. *See* MDHR order of June 7, 1988, at 3; *see also* Minn.Stat. § 363.11 (provisions of Human Rights Chapter should be construed liberally to accomplish the purposes of act). The agency's position is a sound one and derived from the expressed intent of the legislature. *Id.* On the present record it appears that plaintiff's request for reconsideration was perfected. Defendant's motion for summary judgment on that issue should be denied.

### B.

■ Defendant next contends that the MDHR acted contrary to law by failing to rule for more than four years on the request for reconsideration. It argues that plaintiff's action is time-barred and she should not be permitted to toll the limitations period based upon the failure of the MDHR to rule. Defendant contends that it should not bear the brunt of the lengthy delay by the MDHR. It does not point out any particular prejudice resulting from delay, however.

Defendant's argument regarding untimely action by the MDHR appears to be based upon Minn.Stat. § 363.06 subd. 4(2). That statute requires the commissioner of human rights "either [to] reaffirm or reverse the determination of no probable cause within 20 days after receipt of the request for reconsideration...." It is undisputed that the MDHR delayed for more than four years in resolving the request for reconsideration. Defendant describes the 1988 MDHR order denying the reconsideration as an "illegal" order. The statutory timing provisions appear to be merely directory, however, insofar as they relate to the timeliness of plaintiff's actions. *See Wenger v. Wenger*, 200 Minn. 436, 274 N.W. 517, 519 (1937).

> Where the act provided for is merely incidental or subsidiary to some chief

---

**3.** After withdrawing her action from the MDHR, plaintiff was required to bring suit on the MHRA claims within 45 days. Minn.Stat. § 363.14 subd. 1(3). She also had 45 days to bring a suit after the ruling on her request for reconsideration of no probable cause on the other discrimination claims. § 363.14 subd 1(2).

purpose of the law and is not designed for the protection of third persons and the statute does not declare the consequences of a failure of compliance, the statute will ordinarily be construed as directory and not as mandatory.

*Id.* The statute does not provide a remedy if the commissioner does not rule in a timely manner. While the court does not condone the extraordinary delay in ruling, the failure to rule should not bar plaintiff's claim.

The case of *Jones v. Consolidated Freightways Corporation,* 364 N.W.2d 426 (Minn.App.1985), cited by defendant, is inapposite. In *Jones* the MDHR had advised plaintiff that his charges would be referred to the commissioner with the recommendation that a complaint be filed. Plaintiff instead withdrew his claim and filed a civil complaint several years after he had received a right to sue notice. Here plaintiff contends that she had been instructed by the MDHR not to commence a suit while her request for reconsideration was before the agency. She persistently questioned the MDHR about the reasons for the lengthy delay. Under these circumstances the delay by MDHR should not result in plaintiff's action being deemed untimely.

### C.

■ Defendant argues that the claims made under the MHRA should be dismissed because the action was not commenced within 45 days after the 1988 denial of the request for reconsideration.[4] It is undisputed that the summons and complaint were filed in federal court on the 45th day and served upon defendant on the 46th day. Defendant relies on Minn.R. Civ.P. 3.01(a) which deems an action to be "commenced" upon service of the summons and complaint upon the defendant. Defendant contends that the court should borrow this state procedural rule as part of the substantive limitations period in determining when an action is "brought" under § 363.14.

■ Defendant argues that § 363.14 provides that "service of the summons and complaint must be made within 45 days of the dismissal of the complaint by the MDHR." Defendant's memorandum at 7. This argument misstates the language of § 363.14. The statute states that "a person may *bring* a civil action [within 45 days]...." § 363.14 subd.1 (emphasis added). The term "bring" is not defined, and the statute makes no reference to state procedural rules regarding commencement of a suit.

If this action had been filed first in state court and then removed, defendant's argument might have more merit. *See, Winkels v. George A. Hormel & Co.,* 874 F.2d 567, 570 (8th Cir.1989). "Federal courts must honor state court rules governing commencement of civil actions when an action is first brought in state court...." *Id.* The federal rules of procedure apply to this case, however. *See Hanna v. Plumer,* 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Jurisdiction is based here upon alleged violations of federal law, with pendent state claims. The action was filed and remains in federal court. Moreover, this is not an instance where a state rule of procedure is expressly or even impliedly incorporated into the substantive statute or where the federal rule directly conflicts with state law. *See id.*

An action is commenced in federal court by filing the complaint with the court. Fed.R.Civ.P. 3. The action is "brought" within the meaning of § 363.14 when it is commenced in a proper forum. Plaintiff therefore timely brought her action by fil-

---

**4.** The limitation period is set forth in § 363.14: [A] person *may bring a civil action;* 1) within 45 days after the commissioner has dismissed a charge because it is frivolous or without merit, because the charging party has failed to provide required information, because the commissioner has determined that further use of department resources is not warranted, or because the commissioner has determined that there is no probable cause to credit the allegations contained in a charge filed with the commissioner; 2) within 45 days after the commissioner has reaffirmed a determination of no probable cause if the charging party requested a reconsideration of the probable cause determination....
Minn.Stat. § 363.14 subd.1(a) (emphasis added).

ing her summons and complaint within 45 days.[5]

### D.

■ Defendant moves to dismiss as untimely count 1 alleging violations of the ADEA. The statute of limitations for an ADEA claim is adopted from the Portal to Portal Act, 29 U.S.C. § 626(e). That act requires that a civil action be brought within two years after the cause of action accrues, or within three years for a willful violation. 29 U.S.C. § 255. Plaintiff commenced this action more than three years after the cause of action accrued. *See Chardon v. Fernandez*, 454 U.S. 1166, 102 S.Ct. 1042, 71 L.Ed.2d 322 (1982) (accrual occurs upon discharge). She contends that the action is nonetheless timely under the Age Discrimination in Employment Assistance Act of 1988, Pub.L. 100–283, Apr. 7, 1988 (ADEAA), or under the doctrine of equitable tolling.

In 1988 Congress perceived that persons had been deprived of the right to bring civil actions because the EEOC failed timely to process charges. It passed the ADEAA to permit the commissioner or an aggrieved person to file a civil action under prescribed circumstances, notwithstanding other portions of Title 29. The act applies only to cases where the administrative "charge was filed ... with the Commission after December 31, 1983." ADEAA § 3. Plaintiff's claim was filed on June 19, 1983.[6] Plaintiff argues that section 3 should be construed to permit tolling where an administrative action was still pending after December 31, 1983, even though filed earlier. The ADEAA unambiguously applies only to charges filed after December 31, 1983, however. The plain language of the statute is not susceptible to any other interpretation. *See United States v. Ore-*

gon, 366 U.S. 643, 81 S.Ct. 1278, 6 L.Ed.2d 575 (1961) (plain language of statute should not be interpreted to the contrary). Plaintiff's contention that the act should apply to charges filed earlier than December 31, 1983 is unavailing.

■ Equitable tolling of the ADEA limitations period may be available to a plaintiff who fails to learn of the limitations period due to some "positive misconduct by the party against whom it is asserted." *DeBrunner v. Midway Equipment Co.*, 803 F.2d 950, 952 (8th Cir.1986). The only such misconduct alleged by plaintiff is that defendant failed to post in the work place an EEOC notice advising employees of their rights. In such "failure to post" cases the limitations period may be tolled unless the employer can show that plaintiff was generally aware of her rights to bring suit. *Id.* at 952 (*citing McClinton v. Alabama By–Products Corp.* 743 F.2d 1483, 1486 (11th Cir.1984)).

Here the evidence is disputed as to whether plaintiff was generally aware of her right to sue. Plaintiff filed her administrative complaint *pro se*, and there is no evidence of the amount of assistance she received from counsel. She claims that the MDHR had advised her that she could not bring suit until her administrative claims were resolved. The notices and orders in the record which she received from the MDHR do not advise her of the limitation periods under the ADEA.[7] She claims she was not otherwise aware of any limitations period. Defendant does not respond to these assertions that plaintiff was genuinely unaware of any deadlines for filing suit. On this motion, these disputed issues should be construed in plaintiff's favor. The issue of equitable tolling therefore cannot be resolved on summary judgment.

---

**5.** Plaintiff was later permitted to amend her complaint to allege sex discrimination under Title VII and the MHRA. Those claims relate back to the date of the original pleading. Fed. R.Civ.P. 15(c).

**6.** Minnesota is a deferral state under the ADEA. The age discrimination claims filed with the MDHR are therefore deemed to have been filed

with the EEOC at the same time. 29 U.S.C. § 633.

**7.** The only notice in the record from the EEOC to plaintiff is dated January 13, 1989. Plaintiff's Exhibit 2–M. That notice does advise her of the two or three year limitations period, but it was issued more than three years after her cause of action had accrued.

Defendant's motion for summary judgment on the ADEA claim should be denied.

### E.

■ Defendant seeks summary judgment on counts 4 and 5, the sex discrimination claims. It contends that these claims are improperly brought and untimely because the MDHR improperly permitted plaintiff to amend the charge to add a sex discrimination charge more than 180 days after the cause of action accrued. It argues that such amendments are permitted only to correct technical defects or omissions. It argues that adding a sex discrimination claim is not a technical amendment. Rather, the underlying facts and theories of proof are distinct from those which would support an age or marital status discrimination claim.

A party who has filed an administrative charge alleging violation of Title VII may amend the charge "[t]o cure technical defects or omissions ... or to clarify and amplify allegations made therein." 29 C.F.R. 1601.12(b) (1984). Such amendments relate back to the date of the initial charge. *Id.* The state regulations pertaining to charges under the MHRA contain substantially similar language.[8] Plaintiff should be allowed to proceed with her sex discrimination claims, therefore, if the underlying facts are related to those which supported the initial charge. That appears to be the case here.

Plaintiff contends that the three theories of discrimination all flow from the same predicate acts by defendant. She claims that her failure to mark the box for "sex discrimination" on the initial charge form was inadvertent. She states that sex discrimination was hand-written on the face of the first complaint which demonstrates that the failure to mark that item initially was merely technical.

The court has carefully reviewed the various documents filed with and issued by the MDHR. When these are considered in conjunction with the allegations in the complaint, it appears that the sex discrimination charges were properly and timely added as amendments to the initial charges. The same underlying facts seem to support each claim. Moreover, plaintiff raises a colorable argument that sex discrimination was adequately alleged on the initial form. The EEOC apparently considered the sex discrimination claims properly brought because it authorized plaintiff to sue under Title VII. Under these circumstances defendant has not demonstrated that it is entitled to summary judgment on the sex discrimination claims.

### F.

Count 3 alleges a claim for lost wages under Minn.Stat. § 181.81. The limitations period for such a claim is two years. *See Portlance v. Golden Valley State Bank,* 405 N.W.2d 240 (Minn.1987) (lost wages claim arising from wrongful discharge is a contract theory with limitations period governed by Minn.Stat. § 541.07(5)). Plaintiff's complaint was filed after that limitations period had expired, and she has not shown any reason why this claim should not be dismissed. Count 3 should therefore be dismissed.

Accordingly, based upon the above, and all the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1) Defendant's motion for summary judgment on counts 1, 2, 4 and 5 is denied;

2) Defendant's motion for summary judgment on count 3 is granted, and that count is dismissed.

---

**8.** Minn.Rule 5000.0400 subpart 5 (a charge may be amended to cure technical defects or omissions, or to allege additional facts related to those alleged in original charges, or otherwise if the purposes of the act are served).