Marian C. DUNHAM, Appellant,

v.

**SPECIAL SCHOOL DISTRICT NO. 1, Respondent.**

**No. CX–91–1913.**

Court of Appeals of Minnesota.

May 5, 1992.

Review Granted in Part
July 16, 1992.

**64**

James V. Roth, Leonard, Street and Deinard, Minneapolis, for appellant.

Donald M. Lewis, Cecilia M. Michel, Donald R. McNeil Jr., Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for respondent.

Considered and decided by HARTEN, P.J., and KLAPHAKE and PETERSON, JJ.

## OPINION

HARTEN, Judge.

Appellant Marian C. Dunham appeals from summary judgment granted in favor of respondent Special School District No. 1. The trial court entered summary judgment dismissing Dunham's actions under the Minnesota Human Rights Act and 42 U.S.C. §§ 1981 and 1983. We reverse and remand.

## FACTS

Dunham alleges that the school district racially discriminated against her in its hiring practices in violation of the Minnesota Human Rights Act and 42 U.S.C. §§ 1981 and 1983. Dunham initially filed a charge of discrimination by the school district with the Commissioner of the Minnesota Department of Human Rights in May 1987.

The commissioner issued a no probable cause determination on January 6, 1989. Dunham petitioned the commissioner to reconsider on January 14. On March 27, with the commissioner not having acted yet, Dunham notified the commissioner that she was withdrawing her charge and would be filing a civil action. Dunham commenced a lawsuit on June 23.

In June 1991, the trial court granted summary judgment in favor of the school district. The trial court found that Dunham's claims under the Minnesota Human Rights Act were untimely. The trial court further found that any wrongdoing was not a result of an official policy or custom and therefore was not actionable under 42 U.S.C. §§ 1981 and 1983. Dunham appeals.

## ISSUES

1. Did the trial court err in granting summary judgment of dismissal on the ground that Dunham did not timely commence a lawsuit for her claims under the Minnesota Human Rights Act?

2. Did the trial court err in granting summary judgment of dismissal on the ground that Dunham failed to show any wrongdoing was actionable under 42 U.S.C. §§ 1981 and 1983?

## ANALYSIS

1. The trial court found that Dunham did not bring her civil action in conformity with the applicable statute. Because statutory construction is a question of law, we give it de novo review. *Ryan v. ITT Life Ins. Corp.*, 450 N.W.2d 126, 128 (Minn.1990). We find that the trial court erred in its statutory construction.

Minn.Stat. § 363.14, subd. 1 (1988) governs when a civil suit may be brought on a discrimination charge that has been filed with the commissioner. The statute reads in pertinent part as follows:

(a) The commissioner or a person may bring a civil action seeking redress for an unfair discriminatory practice directly to district court. In addition, a person may bring a civil action:

(1) within 45 days after the commissioner has dismissed a charge * * * because the commissioner has determined that there is no probable cause to credit the allegations contained in a charge filed with the commissioner;

(2) within 45 days after the commissioner has reaffirmed a determination of no probable cause if the charging party requested a reconsideration of the probable cause determination; or

(3) after 45 days from the filing of a charge pursuant to section 363.06, subdivision 1, if a hearing has not been held pursuant to section 363.071 or if the commissioner has not entered into a conciliation agreement to which the charging party is a signator. The charging party shall notify the commissioner of an intention to bring a civil action, which shall be commenced within 90 days of giving the notice.

Minn.Stat. § 363.14 is to be liberally construed. *Kyllo v. Farmers Coop. Co.*, 723 F.Supp. 1332, 1334 (D.Minn.1989) (citing Minn.Stat. § 363.11). Additionally, the requirements of section 363.14 are "not jurisdictional in the traditional sense." *Jones v. Consolidated Freightways Corp.*, 364 N.W.2d 426, 429 (Minn.App.1985). With these principles in mind, we hold that Dunham properly brought her civil action in conformity with Minn.Stat. § 363.14, subd. 1(a)(3).

Minn.Stat. § 363.14, subd. 1(a)(1) provides that a charging party has 45 days to bring a civil action after the commissioner has dismissed a charge for lack of probable cause. Minn.Stat. § 363.14, subd. 1(a)(2) provides that a civil suit may be brought within 45 days of a reaffirmed determination of no probable cause on reconsideration. The school district acknowledges that, when a request for reconsideration is made, failure to bring a civil suit within 45 days of the first finding of no probable cause is not a bar to bringing a civil suit after a finding of no probable cause on reconsideration. *See Kyllo*, 723 F.Supp. at 1334–35 (civil suit timely brought under clause (2) within 45 days of affirmance of finding of no probable cause even though commissioner took nearly four years to make determination on reconsideration).

Nonetheless, the trial court agreed with the school district that, when Dunham dismissed her "appeal," she returned to her previous procedural posture and re-triggered Minn.Stat. § 363.14, subd. 1(a)(1). We disagree. The commissioner did not act timely pursuant to Minnesota rules. *See* Minn.R. 5000.0700, subpts. 9 and 10 (1987) (commissioner to conduct review within 20 days of request for reconsideration and charging party to be notified of decision within another 10 days). The decision had been pending 2½ months after the request for reconsideration, and 1½ months after the commissioner was to have notified Dunham of the decision on the request for reconsideration, when Dunham notified the commissioner she was withdrawing her "appeal" and filing a civil suit.

Furthermore, when Dunham notified the commissioner that she was withdrawing her charge, she also indicated that she was going to bring a civil action. Dunham may have said she was withdrawing her "appeal," but the effect of bringing a civil

action is to withdraw the case from the commissioner's consideration. *See* Minn.R. 5000.0550 (1989) (when charging party tells commissioner of intent to bring civil action, commissioner shall stop processing charge and, within 30 days, ask charging party to execute either a statement that private action will be commenced within 90 days of notice of withdrawal or a request for resumption of processing).

Minn.Stat. § 363.14, subd. 1(a)(1) provides that a civil action must be brought within 45 days after "the commissioner has dismissed a charge" for lack of "probable cause to credit the allegations." Here, the dismissal was in abeyance because the reconsideration was pending. Therefore, Dunham withdrew her charge before it was dismissed.

Minn.Stat. § 363.14, subd. 1(a)(3) permits Dunham to bring a civil action because more than 45 days had elapsed since Dunham had filed her charge, there had not been a section 363.071 hearing and a conciliation agreement had not been entered into. Under clause (a)(3), Dunham had 90 days within which to bring suit. There is no dispute that Dunham met that deadline. Therefore, we reverse the dismissal of Dunham's claims under the Minnesota Human Rights Act.

2. We also find the trial court erred in granting summary judgment dismissing Dunham's claims under 42 U.S.C. §§ 1981 and 1983. As a threshold matter, we find it proper for Dunham to seek damages under section 1983 for violation of rights guaranteed to her by section 1981. *See Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735, 109 S.Ct. 2702, 2722, 105 L.Ed.2d 598 (1989) (section 1983 "provides the exclusive federal damages remedy" for section 1981 guaranteed rights "when the claim is * * * against a state actor").

By the same token, however, section 1981 does not impose vicarious liability on municipalities for civil rights violations committed by the municipalities' employees. *Id.* at 733, 109 S.Ct. at 2721. A municipality will not be held liable for its employees' acts through a respondeat superior standard. *Id.*

A determination of municipal liability is made based on the following procedure. Reviewing the relevant legal materials, including state and local positive law, as well " 'custom or usage' having the force of law," [*St. Louis v. Praprotnik*, 485 U.S. 112, 124, n. 1, 108 S.Ct. 915, 924, n. 1, 99 L.Ed.2d 107 (1988) ], the trial judge must identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue. Once those officials who have the power to make official policy on a particular issue have been identified, it is for the jury to determine whether *their* decisions have caused the deprivation of rights at issue by policies which affirmatively command that it occur * * * or by acquiescence in a longstanding practice or custom which constitutes the "standard operating procedure" of the local governmental entity. *See* [*Pembaur v. City of Cincinnati*, 475 U.S. 469, 485–87, 106 S.Ct. 1292, 1301–1302, 89 L.Ed.2d 452 (1986) ] (WHITE, J., concurring).

*Jett*, 491 U.S. at 737, 109 S.Ct. at 2723.

■ On appeal from summary judgment, we review the record to determine if there are any issues of material fact in dispute and whether the trial court erred in applying the law. *Shuman v. University of Minnesota Law Sch.*, 451 N.W.2d 71, 74 (Minn.App.1990), *pet. for rev. denied* (Minn. Mar. 16, 1990) (citing *Goodkind v. University of Minnesota*, 417 N.W.2d 636, 638 (Minn.1988)). The evidence is to be viewed in the light most favorable to the party against whom summary judgment was granted. *Grondahl v. Bullock*, 318 N.W.2d 240, 242 (Minn.1982).

■ The trial court found that Dunham failed to produce any evidence that the school district employee, Kenneth Rustad, whose actions are alleged to have been wrongful, had official authority. We disagree. The school district conceded at oral argument that Rustad at least had the authority to create two job positions without approval of the school district. We find

that Dunham has shown a genuine issue of material fact as to the extent of Rustad's authority.

Additionally, we hold that Dunham has shown genuine issues of material fact as to official custom. Dunham produced evidence from which inferences could be drawn that the school district was aware that its affirmative action policies were being routinely ignored.

The trial court did not reach the substantive issues of Dunham's complaint. We decline to do so at this time. We do note, however, that Dunham has produced evidence from which inferences could be drawn in favor of her complaint. The school district does not dispute that Rustad stated he did not wish to work with Dunham. Nor does the school district dispute that Rustad hired a younger, unlicensed white woman for the same job for which he hired Dunham. An inference could be drawn that Rustad knowingly avoided following the school district's affirmative action plan.

## DECISION

We find the trial court erred in granting summary judgment dismissing Dunham's claims under the Minnesota Human Rights Act and 42 U.S.C. §§ 1981 and 1983.

Reversed and remanded.