**SPECIAL SCHOOL DISTRICT NO. 1, Appellant,**

**v.**

**Marian C. DUNHAM, Respondent.**

**No. CX–91–1913.**

Supreme Court of Minnesota.

April 9, 1993.

---

Donald M. Lewis, Cecilia M. Michel, Donald R. McNeil, Jr., Popham, Haik, Schnobrich & Kaufman, Ltd., Minneapolis, for appellant.

James V. Roth, Leonard, Street & Deinard, Minneapolis, for respondent.

GARDEBRING, Justice.

This case involves the interpretation of the several limitations provisions of the Minnesota Human Rights Act, Minn.Stat. ch. 363 (1992), (MHRA or Act). Specifically, the court is called upon to determine when a claimant must commence a civil action after withdrawing a request for reconsideration of a no probable cause determination.

The facts that go to the merits of respondent's case are largely irrelevant to the narrow issue of statutory interpretation before the court on appeal. However, the timing of certain events connected with respondent's pursuit of a remedy through the Minnesota Human Rights Department (MHRD or Department) and then the district court is critical.

Respondent, an African–American woman and a teacher, believed that appellant, Special School District No. 1, unlawfully discriminated against her with regard to its hiring practices in violation of the MHRA and 42 U.S.C. §§ 1981 and 1983 (1988). As a result, she filed a discrimination charge with the MHRD in May 1987. The commissioner issued an order on January 6, 1989, finding no probable cause for the charge. Respondent timely petitioned for a reconsideration of the commissioner's determination on January 14, 1989. Roughly two and a half months later, the commissioner had still not made a decision on respondent's petition. Consequently, on March 27, 1989, she informed the commissioner that she would be filing a civil action. Six days later, on April 3, respondent withdrew her petition for reconsideration. On June 23, 1989, within ninety days of giving the commissioner notice of her intentions, respondent filed a civil lawsuit against appellant.

The operative statute in this case, Minn. Stat. § 363.14, subd. 1, states in relevant part:

(a) The commissioner or a person may bring a civil action seeking redress for an unfair discriminatory practice directly to district court. *In addition, a person may bring a civil action:*

(1) *within 45 days* after receipt of notice that the commissioner has dismissed a charge because it is frivolous or without merit, because the charging party has failed to provide required information, because the commissioner has determined that further use of department resources is not warranted, *or because the commissioner has determined that there is no probable cause to credit the allegations contained in a charge filed with the commissioner;*

(2) *within 45 days* after receipt of notice that the commissioner has *reaffirmed a determination of no probable cause if the charging party requested a*

*reconsideration of the no probable cause determination,* or has decided not to reopen a dismissed case that the charging party has asked to be reopened; or

(3) *after 45 days* from the filing of a charge pursuant to section 363.06, subdivision 1, if a hearing has not been held pursuant to section 363.071 or if the commissioner has not entered into a conciliation agreement to which the charging party is a signator. The charging party shall notify the commissioner of an intention to bring a civil action, which shall be commenced within *90 days of giving the notice.*

(Emphasis added).

The district court granted summary judgment for the school district. The court found that respondent's claims under the MHRA were not filed within the limitations period specified in the Act. Specifically citing the 45–day limitations period of Minn.Stat. § 363.14, subd. 1(a)(1), the court ruled that respondent was required to file her suit within 45 days of the withdrawal of her petition for reconsideration.

The court of appeals reversed the trial court. *Dunham v. Special School Dist. No. 1,* 484 N.W.2d 63 (Minn.App.1992). It ruled that respondent complied with the time limits set forth in the Act. *Id.* at 66. The court noted Minn.Stat. § 363.14, subd. 1(a)(1) requires that a lawsuit be brought within 45 days of the commissioner's dismissal of a charge for lack of probable cause. However, the court also held that because respondent's petition for reconsideration was pending when she withdrew it, her charge was effectively withdrawn before it was dismissed. *Id.* Thus, under this reasoning, respondent's withdrawal put her in the same position she would have occupied had no finding been made by the commissioner. The court then reasoned that Minn.Stat. § 363.14, subd. 1(a)(3) allowed respondent to bring a civil action because neither subdivisions 1(a)(1) nor 1(a)(2) applied and because subdivision 1(a)(3)'s three prerequisites were met: 1)

more than 45 days had elapsed since respondent brought the charge; 2) there had been no section 363.071 hearing; and 3) the parties had not entered into a conciliation agreement. *Id.*

Minn.Stat. § 363.14, subd. 1(a) is meant to address the time within which a plaintiff must bring a civil action in district court after some interaction with the MHRD.[1] The time limit varies, depending on what action the Department has taken.

Subdivision 1(a)(1) deals with the situations in which the commissioner has made a determination of no probable cause, or where the commissioner has dismissed the charge because it is frivolous or the charging party has provided insufficient information. In any of these situations, the charging party has 45 days after receiving notice from the commissioner for any of the above to bring a suit in state court.

Subdivision 1(a)(2) addresses the situation where the party has requested a reconsideration of the finding of no probable cause, and the commissioner has reaffirmed the finding, or the commissioner has refused to reopen a case. If either of these events occur, the charging party also has 45 days from receipt of notice to initiate a civil suit.

Subdivision 1(a)(3) differs from the first two in that 45 days must *elapse* from the time the charge is filed before a charging party may bring a civil action. Under this section, if 1) 45 days has elapsed from the filing date, 2) there has been no section 363.071 hearing or 3) no conciliation agreement has been entered into, a charging party may bring an action in district court. However, the party must give the commissioner notice of this intention and bring the action within 90 days of the notice. This paragraph clearly contemplates an unresolved case in which the Department has taken no action.

Appellant argues that under the plain meaning of Minn.Stat. § 363.14, subd. 1(a)(1), a charging party who withdraws a request for reconsideration of a no proba-

---

1. Minn.Stat. § 363.14, subd. 1(a) also allows a complainant to bring a discrimination charge directly to district court without any intervention by the Department.

ble cause determination has 45 days from the time of that withdrawal to bring a civil action. It further argues that the court of appeals' decision creates a loophole that, in effect, makes subdivisions 1(a)(1) and 1(a)(2) superfluous.

Appellant's primary argument relates to the status a charging party retains after that party has withdrawn a request for reconsideration of a finding of no probable cause. Appellant asserts that the status of such a party should be the same as a party who never applied for reconsideration except that in the case of a withdrawal, the 45–day limitations period should begin to run at the time of withdrawal.

Appellant further contends that, under the court of appeals' decision, a charging party can circumvent the 45–day statute of limitations of paragraph 1 by simply requesting that the commissioner reconsider a finding of no probable cause and then withdrawing the request. Subdivision 1(a)(3) provides for no limitations period[2], only for a minimum amount of time that must elapse after the filing of a charge before a charging party can bring a civil suit. After that amount of time (45 days) has elapsed, the only applicable time constraint under the statute relates to the amount of time within which a party must file a suit *after* it gives the commissioner notice. Appellant reasons that if, after withdrawal of a request for reconsideration, a charging party's status returns to that of a party who has never received a determination from the commissioner, that party could control completely the timing of the district court action by determining when to give notice to the commissioner, thus dramatically and inappropriately extending the limitations period. Appellant argues that this result is unreasonable and cites federal decisions dealing with Title VII, section 701 of the Civil Rights Act of 1964, Pub.L. No. 88–352, 78 Stat. 253 (codified as amended at 42 U.S.C. §§ 2000e–2000e–16 (1988)), the federal analog of the MHRA, that strictly construe statutes of limitation in similar cases.[3]

Respondent argues that she complied literally with the statute, in particular, Minn. Stat. § 363.14, subd. 1(a)(3): more than 45 days had elapsed from the time of filing the charge; no hearing had been held; respondent signed no conciliation agreement; she gave the commissioner notice of her intention to file a civil suit; and she filed the suit within 90 days.

She further argues that subdivision 1(a)(1) does not apply because she appealed the initial determination of no probable cause and that similarly subdivision 1(a)(2) is inapplicable because the commissioner did not reaffirm the finding of no probable cause. She also cites several administrative rules in support of her position, noting in particular Minn.Rule 5000.0700, subp. 11 (1991) which states that when a petition for reconsideration is pending:

[t]he rights of the parties remain as they were before the decision on the request for reconsideration, except that a redetermination of no probable cause will not be reconsidered by the commissioner.

Respondent contends that these "rights" include the option to withdraw the petition for reconsideration and bring a civil action within 90 days. We read the rule differently. We believe that the rights of the parties "before the decision on the request for reconsideration" are the same as those that would have existed had the request not been made. In other words, respondent's situation would be governed by Minn.Stat. 363.14, subd. 1(a)(1). Before filing of the request for reconsideration, respondent had 45 days to file a civil action; after withdrawal of the request, we con-

---

**2.** The limitations period of Minn.Stat. § 363.06, subd. 3 (1992) applies to all civil actions brought in district court for violations of the Act. This provision requires that any claim of an unfair discriminatory practice must either be brought as a civil action under Minn.Stat. 363.14, subd. 1(a), filed in a charge with a local commission under Minn.Stat. § 363.116, or filed in a charge with the Commissioner of Human Rights within a year after the practice occurred.

**3.** *See e.g., Jones v. Madison Serv. Corp.,* 744 F.2d 1309 (7th Cir.1984) (suit dismissed that was filed two days late); *Norris v. Florida Dep't of Health and Rehabilitative Serv.,* 730 F.2d 682 (11th Cir.1984) (suit dismissed that was filed one day late).

clude that she still has that same 45–day window within which to act. A charging party does not acquire additional rights or a more advantageous position by simply requesting reconsideration of a finding of no probable cause by the commissioner.

To further support her argument that a 90–day limitations period was in effect, respondent also cites Minn.R. 5000.0550 (1991), which states in part:

When a person who has filed a verified charge as provided in part 5000.0400 indicates to the commissioner an intent to bring a private civil action in the matter pursuant to Minnesota Statutes, section 363.14, subdivision 1, clause (c), the commissioner shall suspend processing of the charge and request the charging party to execute, within 30 days, either:

A. a statement of withdrawal signed by the charging party or attorney of record declaring that a private action will be commenced within 90 days of the initial notice; or

B. a request to resume processing the case to a disposition consistent with other provisions of the statute and parts 5000.0050 to 5000.2400.

■ Respondent asserts that this rule mandates a 90–day period within which she could bring a civil action. The plain language of the rule appears to support this argument. However, this literal reading of the rule is directly at odds with both subdivisions 1(a)(1) and 1(a)(2). Because the text of the rule does not limit its application to subdivision 1(a)(3), it is clear the 45–day periods set forth in subdivisions 1(a)(1) and 1(a)(2) would be rendered void. We do not believe that the legislature intended such a result. It is elemental that when an administrative rule conflicts with the plain meaning of a statute, the statute controls. *See Ingebritson v. Tjernlund Mfg. Co.*, 289 Minn. 232, 237, 183 N.W.2d 552, 554–55 (1971). Because Minn.R. 5000.0550 violates the plain meaning of Minn.Stat. § 363.14, subdivisions 1(a)(1) and 1(a)(2), it can only be read to apply to civil actions brought under subdivision 1(a)(3) and thus does not support respondent's position in this case.

There is also support for our interpretation of Minn.Stat. § 363.14, subd. 1 in the canons of statutory interpretation. Minn. Stat. § 645.16 (1992) provides that every statute should be construed to give meaning to all its provisions. If, as appellant asserts, the court of appeals' decision renders subdivision 1(a)(1) meaningless, that interpretation of the law may be in error. We believe that the court of appeals opinion opens a loophole that could eviscerate the limitations period of subdivision 1(a)(1). Under the court of appeals' interpretation of the statute, a party who is seeking a reconsideration of a no probable cause determination occupies the same position as that of a party that has received no determination of any kind from the commissioner.

The problem with this analysis is that it allows a party, like respondent, who has already received a no probable cause determination, to negate the statute of limitations by simply filing a petition for reconsideration and then withdrawing it. The court of appeals noted that respondent in this case had 90 days to file suit. However, the court neglected to mention that under subdivision 1(a)(3), the 90 days did not begin to run until notification of respondent's intention to initiate a lawsuit was given to the commissioner—and there is no time in which that notification must be made under subdivision 1(a)(3). Therefore it is clear that the court of appeals' interpretation allows the limitation period in subdivision 1(a)(1) to be undermined.

■ Minn.Stat. 363.14, subd. 1(a) was amended in 1977 so that the limitations period was cut from 90 days to 45 days. Thus, the 45–day limitations period of subdivision 1(a)(1) was almost certainly put in place to encourage quick legal action after the MHRD made a negative determination. Such a policy has two important salutary effects; it tends to preserve evidence that might otherwise be lost over time and it mandates resolution of disputes in a swift manner. These purposes would be frustrated by the court of appeals' decision. Therefore, we hold that when a charging party withdraws a petition for reconsidera-

tion of a no probable cause determination, such a party must bring a civil action within 45 days of the date the petition is withdrawn.[4] Accordingly, the decision of the court of appeals is reversed.

Reversed.

---

**4.** A new 45–day period is necessary once the petition for reconsideration is withdrawn because otherwise, as respondent properly points out, a charging party could be forced to bring a civil action while a petition for reconsideration was still pending. While we agree in principle with the federal cases that hold that a civil rights plaintiff should not be able to unilaterally extend the limitations period for filing a civil suit, *see, e.g., Soso Liang Lo v. Pan American World Airways Inc.,* 787 F.2d 827 (2d Cir.1986), we nevertheless believe that, in light of the limited time for filing a petition for reconsideration, *see* Minn.Stat. § 363.06, subd. 4(2), fundamental fairness requires that a new 45–day period begins when the petition is withdrawn.